have to weigh heavily in favor of the settlement, the pre-planned settlement, and the Bankruptcy Court has to hear from the proponent good and sufficient reasons why there should be a variation from the absolute priority rule in that context. Correct, Your Honor. Iridium was building towards a plan, and even then, the Court said, even if there is a deviance from the priority rule in the most minor respect, the whole settlement has to be denied. Here, we are not moving to a settlement. These appellees are racing to the exit. They are trying to scoop up whatever they can, getting releases from the Court, getting the right to appoint who gets what, take away the claim of someone who they don't like. They want to get all... Not against the estate that lost any value. The estate had nothing. It was a carcass. It was so far underwater. It's a valuation judgment. It's a valuation judgment that I don't think I'm capable of making, but the Bankruptcy Judge is capable of making it, and the Bankruptcy Judge told the District Court and this Court that there's nothing here. So what grounds do we have to upset that fact? Congress leads that decision to the Chapter 7 trustee. Yeah, the Chapter 7, the only real case cited by the Bankruptcy Court was Armstrong, and that was a Chapter 11 case, and it wasn't a pre-planned settlement case. And this Court adhered to the priority scheme. Iridium did so as well with respect to the leftover money that might be left in the case. That money had to be... And Armstrong is that the Second Circuit viewed a variation in that context, a pre-planned settlement context, to be of enormous importance, and here it was just another factor. This is of no importance. This is of no importance. It's to accommodate the parties who asked for this, who are well-heeled. The Court... Excuse me, but... I'm sorry, just so I could... Finish your thought. The Court found also, on page 23 of the brief, that these were well-heeled people. They had the ability, if they wanted, to confirm a plan or to observe the priorities. They just didn't want to. The Bankruptcy Court should not have dignified that, not wanting to do things and let them go. It should have said, you should do it. The fact that you have chosen not to fund these things means that this must go to a Chapter 7 trustee who will decide whether there's some value here or not. They cannot just make a clear break for the exit and take with them their releases, which only come when a plan is confirmed. It doesn't even come to them in a Chapter 7. They got the rewards of confirming a plan without doing anything, with doing the reverse, with walking away from all the responsibilities and the have their cake and eat it, too. I'm sorry. What is the remedy if we, assuming we thought you should prevail here, we go to Chapter 7? Is that it? Correct, because that is the option that the Court, that Congress... And that's it? Nothing more? If we undo the settlement and we go to Chapter 7, we're following the Code. If there is... So you're not asking for any remedy from us other than it goes to Chapter 7? Correct. You're not asking for disgorgement? You're not asking for reforming the plan? Is that correct? Correct. And then just briefly play out for us what you would expect to happen when it goes to Chapter 7. The Chapter 7 trustee will take a look at it, will make a judgment. We believe that there are Chapter 7 trustees who the appellees did not want this case to go to, and so they found a way to get it away from a judgment of an independent. They put on evidence, it's true, but to have an evidence... And the Chapter 7 trustee will take the $1.7 million and do what with it? If the settlement is undone, the property should be returned to the estate that was improperly distributed. Right. So to that extent... The 1,029 checks get sent back to the estate, and there are a series of administrative expenses associated with that, correct? Correct. How much is that? Would you estimate that to cost? I'm not certain, Your Honor. More than $100,000 in lawyers' fees, accountants' fees? Perhaps around that.